IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEAH EVANS and | ) | |
| SEMAJ CARTER, | ) | Civil Action No.   2:21-cv-413 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE 1, JOHN DOE 2, | ) | |
| JOHN DOE 3, JOHN DOE(S) 4, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COME NOW, the Plaintiffs, LEAH EVANS and SEMAJ CARTER, by and through their attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby file this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiffs' rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.  This action is also brought against Defendant Doe(s) 4 pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

4. Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

5. Plaintiff, Leah Evans ("Evans"), is an adult individual who resides in Allegheny County, Pennsylvania. Plaintiff Evans is the mother of Plaintiff Semaj Carter.

6. Plaintiff, Semaj Carter ("Carter"), is an adult individual who resides in Allegheny County, Pennsylvania. Plaintiff Carter is the son of Plaintiff Evans.

7. Defendant, John Doe 1 ("Doe 1"), is a United States Citizen. Plaintiffs believe, and therefore aver, that Defendant Doe 1 is a resident of Allegheny County, Pennsylvania. Plaintiffs believe, and therefore aver, that Defendant Doe 1 is now, and was at all times relevant to Plaintiffs' claims, employed as a law enforcement officer for the Borough of Wilkinsburg, with offices located at 605 Ross Avenue, Pittsburgh, Pennsylvania 15221. At all times relevant to this Complaint, Defendant Doe 1 purported to act within the full scope of his authority and office and under color of law, pursuant to the statutes, ordinances, regulations and usages of the Wilkinsburg Police Department.

8. Defendant, John Doe 2 ("Doe 2"), is a United States Citizen. Plaintiffs believe, and therefore aver, that Defendant Doe 2 is a resident of Allegheny County, Pennsylvania. Plaintiffs believe, and therefore aver, that Defendant Doe 2 is now, and was at all times relevant to Plaintiffs' claims, employed as a law enforcement officer for the City of Pittsburgh, with offices located at 414 Grant Street, Pittsburgh, Pennsylvania 15219. At all times relevant to this Complaint, Defendant Doe 2 purported to act within the full scope of his authority and office and under color of law, pursuant to the statutes, ordinances, regulations and usages of the Pittsburgh Bureau of Police.

9. Defendant, John Doe 3 ("Doe 3"), is a United States Citizen. Plaintiffs believe, and therefore aver, that Defendant Doe 3 is a resident of Allegheny County, Pennsylvania. Plaintiffs

believe, and therefore aver, that Defendant Doe 3 is now, and was at all times relevant to Plaintiffs' claims, employed as an adult probation officer for Allegheny County, with offices located at 564 Forbes Avenue, 12th Floor, Pittsburgh, Pennsylvania 15219, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of Allegheny County, Pennsylvania.

10. Defendant John Doe(s) 4 ("Doe(s) 4), unknown in name and number, are United States Citizens. Plaintiffs believe, and therefore aver, that, at all times relevant to this Complaint, Defendant Doe(s) 4 were employed as United States Marshals, with a regional office located at 700 Grant Street, Suite 2360, Pittsburgh, Pennsylvania 15219, purporting to act within the scope of their authority and office pursuant to the regulations, customs and usages of the United States Marshals Service.

## FACTUAL ALLEGATIONS

11. On or about August 14, 2019, Plaintiff Evans was driving her vehicle in Wilkinsburg with Defendant Carter and two (2) other passengers.

12. At that time, Defendants Doe 1, Doe 2, Doe 3 and/or Doe(s) 4 stopped Plaintiff Evan's vehicle. Defendants, and each of them, lacked the requisite probable cause to do so.

13. Without explanation or justification, Defendants Doe 1, Doe 2, Doe 3 and/or Doe(s) 4 drew their firearms, pointed them at the Plaintiffs and the passengers and ordered them to exit their vehicle, despite lacking probable cause to do so.

14. Plaintiffs and their passengers complied with this unlawful request and exited their vehicle.

15. Defendants Doe 1, Doe 2, Doe 3 and/or Doe(s) 4 proceeded to unlawfully search Plaintiff Carter's person without any probable cause to do so. Defendants, and each of them, continued to

train their firearms on the Plaintiffs and their passengers during the pendency of their illegal search.

16. Plaintiff Carter did not consent to the above-described search, nor was it conducted pursuant to a valid search warrant. At that time, no exigent circumstances existed to allow Defendants Doe 1, Doe 2, Doe 3 and/or Doe(s) 4 to search Plaintiff Carter's person without consent or a valid search warrant.

17. Without explanation or justification, Defendants Doe 1, Doe 2, Doe 3 and/or Doe(s) 4 then ordered Plaintiff Carter and the two (2) other passengers to sit on the ground and face away from Plaintiff Evans' vehicle.

18. At this time, Plaintiff Carter was handcuffed by Defendants Doe 1, Doe 2, Doe 3 and/or Doe(s) 4. Defendants, and each of them, lacked the requisite probable cause to do so.

19. Plaintiff Carter did not act aggressively toward any Defendant at any time during the aforementioned encounter.

20. Plaintiff Carter did not behave dangerously or pose a threat to any Defendant and/or citizens of the community during his interactions with the Defendants.

21. Without any explanation or justification, Defendants Doe 1, Doe 2, Doe 3 and/or Doe(s) 4 then searched Plaintiff Evans' vehicle. Defendants, and each of them, lacked the requisite probable cause to do so.

22. Plaintiff Evans did not consent to the above-described search, nor was it conducted pursuant to a valid search warrant. At that time, no exigent circumstances existed to allow Defendants Doe 1, Doe 2, Doe 3 and/or Doe(s) 4 to search Plaintiff Evans' vehicle without consent or a valid search warrant.

23. Plaintiffs were detained by the Defendants, and each of them, for approximately twenty (20) minutes during the pendency of their illegal searches.

24. At no time did Defendants Doe 1, Doe 2, Doe 3 and/or Doe(s) 4 provide any explanation for their unlawful actions, as described herein.

25. No drugs, firearms or any other illegal substances or contraband were found during Defendants' unlawful searches of Plaintiff Carter's person and Plaintiff Evans' vehicle.

26. Neither Plaintiff Evans, nor Plaintiff Carter, were charged with any form of criminal misconduct by any Defendant in connection with the events described hereinbefore above.

## COUNT I:

### ALL PLAINTIFFS v. ALL DEFENDANTS

### VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS, SPECIFICALLY, §1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

### UNLAWFUL SEARCH AND SEIZURE

27. Plaintiffs incorporate by reference Paragraphs 1 through 26 as though fully set forth at length herein.

28. Plaintiffs claim damages for the injuries set forth herein under 42 U.S.C. §1983 against the above-captioned Defendants for violations of each Plaintiff's constitutional rights under color of law.

29. At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, Plaintiffs had the right to be free from an unlawful search and seizure by Defendants.

30. As more fully described hereinbefore above, Defendants intentionally and recklessly performed an unlawful search of Plaintiff Evan's vehicle without any consent, probable cause and/or a search warrant.

31. As more fully described hereinbefore above, Defendants intentionally and recklessly performed an unlawful search of Plaintiff Carter's person without consent, probable cause and/or a search warrant.

32. Defendants knew, or should have known through the exercise of reasonable caution, that no reasonable basis existed for seizing and/or searching Plaintiff Evan's property and/or Defendant Carter's person without probable cause.

33. Searching Plaintiff Evan's property and Plaintiff Carter's person without just cause or lawful excuse constitutes malice on the part of the named Defendants.

34. The named Defendants acted under the color of law and their actions constituted an arbitrary and unconscionable abuse of government authority.

35. As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendant Doe 1, Defendant Doe 2, Defendant Doe 3 and/or Defendant Doe(s) 4, and each of them, Plaintiffs suffered the following injuries and damages:

    a. violation of their constitutional rights under 42 U.S.C. §1983 and the Fourth Amendment of the United States Constitution;

    b. fright, horror and shock;

    c. emotional trauma and suffering; and

    d. economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-

judgment interest as permitted by law; punitive damages against the individual Defendants, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

ALL PLAINTIFFS v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FOURTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

FALSE IMPRISONMENT

36. Plaintiffs incorporate by reference Paragraphs 1 through 35 as though fully set forth at length herein.

37. Plaintiffs claim damages for the injuries set forth herein under 42 U.S.C §1983 against the above captioned Defendants for violations of their constitutional rights under color of law.

38. Pursuant to 42 U.S.C. 1983 and the Fourth Amendment of the United States Constitution, Plaintiffs had the right to be free from the unreasonable seizure of their person and unlawful detention.

39. As more fully described hereinbefore above, Defendants Doe 1, Doe 2, Doe 3 and/or Doe(s) 4 unlawfully seized and detained Plaintiffs without any probable cause to do so.

40. At no time were the Plaintiffs an immediate threat to the safety of the Defendants or any other individual.

41. At no time were charges brought against Plaintiffs in connection with the events as described hereinbefore above.

42.     The Defendants' actions were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs , thereby subjecting these Defendants to punitive damages.

43.     The named Defendants acted under the color of law and their actions constituted an arbitrary and unconscionable abuse of government authority.

44.     As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendant Doe 1, Defendant Doe 2, Defendant Doe 3 and/or Defendant Doe(s) 4, and each of them, Plaintiffs suffered the following injuries and damages:

    a.    violation of his constitutional rights under 42 U.S.C. §1983 and the Fourth Amendment of the United States Constitution;

    b.    fright, horror and shock;

    c.    emotional trauma and suffering; and

    d.    economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                                        JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: March 30, 2021