IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEAH EVANS** and **SEMAJ CARTER,**   )<br>                                                         )<br>               Plaintiffs,               )<br>                                                         )<br>    v.                                              )<br>                                                         )<br> **MICHAEL CATANZARO**,          )<br> **LUCAS SZYMANSKI**,               )<br> **JOHN DOE 1, JOHN DOE 2,**     )<br>                                                         )<br>               Defendants.               ) | 2:21cv413<br>**Electronic Filing** |

### **MEMORANDUM OPINION**

Plaintiffs commenced this civil rights action seeking redress for an alleged unlawful seizure and detention in violation of their Fourth Amendment rights. Recently, plaintiffs filed a Third Amended Complaint after obtaining leave to do so. Presently before the court is defendant Szymanski's motion to dismiss that complaint for failure to state a claim and/or based on qualified immunity. For the reasons set forth below, the motion will be denied.

Each of the grounds advanced in support of the motion falls short. First, the Third Amended Complaint satisfies the notice pleading requirements of Rule 8(a). Plaintiffs were pulled over for an alleged traffic violation by defendant Catanzaro. Third Amended Complaint (Doc. No. 51) at ¶ 10. Upon exiting his vehicle, Officer Catanzaro and another officer drew their service weapons and trained them on plaintiffs and two other individuals in plaintiff Evans' car. Id. at ¶ 12. The officers lacked probable cause to order the occupants out of the vehicle at gun point. Id. Officer Catanzaro made verbal threats and used foul language while interacting with plaintiffs. Id. at ¶ 13. Plaintiffs complied with the officers' requests and exited the vehicle without incident. Id. at ¶ 14.

Another officer searched plaintiff Semjac Carter without probable cause while Officer Catanzaro continued to train his firearm on plaintiff Evans and the other passengers. Id. at ¶ 15. The search was without a warrant or consent and there was a lack of exigent circumstances to justify the same. Id. at ¶ 16

Plaintiffs and the other passenger were ordered to sit on the ground, which they did. Plaintiff Carter was handcuffed without probable cause for doing so. Id. at ¶¶ 17-18. Plaintiff Carter did not act aggressively toward the officers, behave in a dangerous manner or pose any threat to the officers. Id. at ¶¶ 19-20.

Defendant Szymanski arrived on the scene during the above-described interaction. Id. at ¶ 21. He and other arriving officers drew their firearms and pointed them at plaintiffs and the other passengers. Id.

Defendant Catanzaro searched plaintiff Evans' vehicle without probable cause to do so. Plaintiff Evans had not consented to the search nor did exigent circumstances exist to justify the search. Id. at ¶¶ 22-23. Each of the officers, including defendant Szymanski, held plaintiffs and the other passenger at gunpoint for approximately 20 minutes. Id. at ¶ 24.

Plaintiffs were not charged with any form of criminal violation as a result of the interaction. Id. at ¶ 26. The instant lawsuit followed.

Defendant Szymanski's challenge to the substance of plaintiff's false imprisonment claim is unavailing. In order to prevail, a plaintiff must show that the arrest in question was made without probable cause. Brown v. Makofka, 644 F. App'x 139, 143 (3d Cir. 2016) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995)). In other words, a plaintiff must plead facts sufficient to show the absence of reasonable justification for an officer's seizure of the plaintiff's person. Pleading the lack or absence of such justification during the officers'

ongoing conduct does not make such an averment vague or "conclusory." Under such an approach a citizen would never be able to challenge a detention or arrest of his person or vehicle as lacking in probable cause or reasonable suspicion because averring the absence of the same would be meaningless. We decline the invitation to adopt such an approach.

Similarly, advancing such averments in the context reflected in the Third Amended Complaint does not render the allegations "nothing more than a threadbare recital of the elements of a § 1983 false arrest claim." Defendant Szymanski's Brief in Support (Doc. No. 53) at 3. A complaint sufficiently states a claim where its averments are grounded in enough of a factual basis to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Here, there is more than a sufficient description of the plaintiffs' conduct and the lack of reactive behavior by plaintiffs to support the lack of justification or consent for a 20 minute detention at gun point. Thus, the court is able to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Finally, defendant Szymanski's invocation of qualified immunity equally is unavailing. Although immunity is an affirmative defense, "a complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); see also 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 358–59 (1990) (citing cases). Accordingly, absolute or qualified immunity "will be upheld on a 12(b)(6) motion only when the immunity is established

on the face of the complaint." Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001) (quoting Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir.1996) (citation omitted)); accord Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998) (recognizing entitlement to official immunity on face of complaint); Santamorena v. Georgia Military College, 147 F.3d 1337, 1342 (11th Cir. 1998) (recognizing entitlement to qualified immunity on face of complaint).

Qualified immunity shields "government officials performing discretionary functions...from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Rogers v. Powell, 120 F.3d 446, 454 (3d Cir. 1997) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  "A defendant has the burden to establish that he is entitled to qualified immunity." Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004).

In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court established a two-part test to determine whether a defendant is entitled to qualified immunity.  First, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Id. at 201.  If no constitutional right was violated, "the qualified immunity inquiry is at an end; the officer is entitled to immunity."  Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2002).  If, however, the facts read in the light most favorable to the plaintiff show a violation of a constitutional right, the analysis proceeds to the second step: "whether the right was clearly established . . . in light of the specific context of the case, not as a broad general proposition."  Saucier, 533 U.S. at 201.  A right is clearly established in the particular context if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Id. at 202.  However, if it was not clear "to a reasonable officer what the law required under the facts alleged, then he is entitled to qualified immunity."  Kopec, 361 F.3d at

776.  The courts retain discretion in deciding which of the two prongs of this analysis should be addressed first.  Pearson v. Callahan, 555 U.S. 223, 236 (2009).

Plaintiffs allege enough factual matter to raise the inference that defendant Szymanski violated plaintiffs' clearly established rights.   The Fourth Amendment prohibits an arrest of a citizen except upon probable cause.  Rogers v. Powell, 120 F.3d 446, 452 (3d Cir. 1997) (citing Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir. 1995) (citing Papachristou v. City of Jacksonville, 405 U.S. 156 (1972)).  "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."  Rogers, 120 F.3d at 453 (citing Orsatti, 71 F.3d at 483).  The elements of false arrest include: 1) an arrest made without probable cause or 2) one made by someone without privilege to arrest.  Brockington v. City of Philadelphia, 354 F. Supp.2d 563, 572 (E.D. Pa. 2005) (citing Patzig v. O'Neil, 577 F.2d 841, 848 (3d Cir. 1978) and Montgomery v. De Simone, 159 F.3d 120, 124 (3d Cir. 1998)).

When the seizure or arrest of a citizen is based on the statements or actions of a fellow officer, the officer's seizure or arrest is lawful only if the fellow officers issuing the statements or engaging in the action possessed the facts and circumstances necessary to support a finding of the requisite basis for the seizure or arrest.  Rogers, 120 F.3d at 453.  In other words, "[t]he legality of a seizure based solely on statements issued [or conduct by] by fellow officers depends on whether the officers who issued the statements [or engaged in the conduct] possessed the requisite basis to seize the suspect."  Id. (citing United States v. Hensley, 469 U.S. 221, 231 (1985)).

5

The Third Amended Complaint alleges sufficient facts and raises reasonable inferences indicating that Officer Carter did not have the requisite justification for seizing plaintiffs and the two other passengers at gun point and holding them for 20 minutes. It cannot be reasonably inferred that defendant Szymanski gained the requisite basis to justify his participation in the seizure from the actions of Officer Carter. And defendant Szymanski has not advanced any evidence to support the existence of adequate grounds for the seizure and detention.

The second prong of the qualified immunity analysis asks whether "at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." District of Columbia v. Wesby, 138 S. Ct. 577, 589 (2018); James v. New Jersey State Police, 957 F.3d 165, 169 (3d Cir. 2020) (same) (quoting Wesby, 138 S. Ct. at 589). The purpose of this inquiry is to account for "the reality that 'reasonable mistakes can be made as to the legal constraints on particular police conduct.'" Hickman v. Borough, 2017 WL 1197806, at *11 (D.N.J. Mar. 31, 2017) (quoting Santini, 795 F.3d at 418).

The Constitutional right to be free from arrest based on the lack of probable cause was well established when the incident outlined in the Third Amended Complaint occurred. See, e.g., Rogers, 120 F.3d at 455-56 (recognizing in 1997 that where one officer did not have probable cause for an arrest based on vague statements conveyed by a fellow officer, the officer acted without probable cause in effectuating the arrest and was not shielded by qualified immunity). So the right to be free from a seizure and arrest that was not supported by probable cause was clearly established on August 14, 2019.

It would have also been clear to a reasonable officer who did not have personal knowledge of probable cause or reasonable suspicion for a seizure and arrest that he or she could lawfully proceed with the same only where the information within his or her or the fellow

6

officer's possession was sufficient to establish probable cause or reasonable suspicion for the same. Given that the Third Amended Complaint fails to show that either Officer Carter or Officer Szymanski possessed the requisite basis for the seizure and detention, it would have been clear to a reasonable officer that participating in a seizure and detention under such specific circumstances would violate the clearly established rights of the detainee.

It follows that defendant Szymanski has failed to carry his burden of showing entitlement to qualified immunity based solely on the allegations of plaintiffs' Third Amended Complaint. Consequently, his motion seeking dismissal based on the doctrine will be denied.

Date: September 9, 2024

                                                                                                 s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:    Joel S. Sansone, Esquire
        Elizabeth Tuttle, Esquire
        Massimo A. Terzigni, Esquire
        Francis D. Wymard, Esquire
        Dennis R. Biondo, Jr., Esquire

        (*Via CM/ECF Electronic Mail*)